UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-CV-60833-Zloch-Rosenbaum

JASON KAY,

Plaintiff,

Vs.

ABRAMOWITZ TAX & LIEN SERVICE CORP.,
a Florida Corporation and SHARON RICCARDI,
individually,

Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

June 3, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff, Jason Kay ("Kay") by and through his undersigned counsel, files this Complaint against Defendants, Abramowitz Tax & Lien Service Corp., ("Abramowitz"), a Florida Corporation, and Sharon Riccardi, ("Riccardi") an individual, and states as follows:

### INTRODUCTION

1. This is a proceeding against Abramowitz and Riccardi for monetary damages to redress the deprivation of rights secured to Plaintiff Kay under the maximum hour provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

### JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

1

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida; and

   b. Defendant, Abramowitz, was and continues to be a Florida corporation doing business within the Southern District of Florida.

   c. Defendant, Riccardi, is a resident of the S.D. of Florida.

## PARTIES

4. At all times material hereto, Plaintiff, Kay, was and continue to be a resident of Broward County Florida.

5. At all times material hereto, Plaintiff, Kay was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant, Abramowitz, was and continues to be a corporation organized under the laws of the State of Florida.

7. At all times material hereto, Defendant, Abramowitz, was and continues to be engaged in business at 816 Military Trail, Deerfield Beach, Florida within the Southern District of Florida.

8. At all times material hereto, Defendant Abramowitz is or was an employer authorized to do business and doing business in Florida, with a place of business in Deerfield Beach, Broward County, Florida and at all times relevant was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

2

9. At all times material hereto, Defendant, Abramowitz, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

10. At all times material hereto, Plaintiff, Kay was "engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, Defendant, Riccardi was the Chief Executive Officer of Defendant Abramowitz and is therefore an "employer" within the meaning of the FLSA.

## STATEMENT OF FACTS

12. In January 2001, Plaintiff, Kay, was hired by Defendants Abramowitz and Riccardi as a real property researcher and verifier. Plaintiff's employment ended on February 24, 2009.

13. From May of 2007 through the end of his employment, Plaintiff, Kay, worked approximately 168 overtime hours. However, Plaintiff was only paid a straight time rate.

14. Plaintiff, Kay was never paid overtime at a rate of time and one-half his effective hourly rate for all hours worked in excess of forty (40) per week during one or more weeks.

15. Defendants are violating Title 29 U.S.C. § 207, from the date Plaintiff, Kay was hired until February 24, 2009, in that Plaintiff worked in excess of the maximum hours provided by the FLSA and was not paid at a rate of time and one-half his effective hourly rate.

3

16. At all times material hereto, Plaintiff, Kay's, job duties consisted of routine and repetitive research work. Management was not his primary duty. Plaintiff, Kay never supervised two or more full time employees having a combined subordinate hourly total of eighty or more. Nor did his job fall under any of the recognized exceptions to the overtime provisions of the FLSA.

17. Notwithstanding the fact that Defendants, Abramowitz and Riccardi, had knowledge regarding their obligation to pay the Plaintiff overtime compensation, Defendants willfully continued to violate Title 29 U.S.C. § 207, by failing to properly pay overtime compensation. In fact in 2003 or 2004 an employee of Defendants complained about not receiving overtime. Subsequent to this complaint, employees had to submit time records. However, Plaintiff's pay scheme remained on a salary basis.

18. Such continuing conduct by the Defendants, Abramowitz and Riccardi, evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At not time did the Defendants Abramowitz or Riccardi have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

19. Plaintiff has retained the Law Firm of ROTHSTEIN ROSENFELDT ADLER, to represent him and all individuals all similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I

## VIOLATION OF 29 U.S.C. § 207
## OVERTIME COMPENSATION ON BEHALF OF JASON KAY

20. Plaintiff, Kay, realleges and reavers paragraphs 1 through 19 of this Complaint as if fully set forth herein.

4

21. Plaintiff, Kay, was entitled to be paid at the rate of time and one-half of his effective hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

22. From May of 2006 to the end of his employment, Plaintiff worked approximately 168 overtime hours to which he is owed $2,270.50 plus an equal amount as liquidated damages for the three year period preceding this lawsuit.

23. Defendants have failed to properly disclose or apprise Plaintiff, Kay, of his rights under the FLSA.

24. Due to intentional, willful, and unlawful acts of Defendants, Abramowitz, and Riccardi, Plaintiff, Kay, has suffered damages in lost compensation for time that he worked over forty (40) hours per week, plus liquidated damages.

25. Plaintiff, Kay, is entitled to an award of his reasonable attorneys' fees and cost pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Kay, respectfully request that judgment be entered in his favor against Defendants, Abramowitz and Riccardi:

    a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount of $2,270.50;

    c. Awarding the Plaintiff an equal amount as liquidated damages;

    d. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

5

  e. Awarding Plaintiff post judgment interest and;

  f. Ordering any other relief that this Court deems just and proper.

Dated: ~~May~~ Jun 3, 2009

    Respectfully submitted,
    ROTHSTEIN ROSENFELDT ADLER,
    **Attorneys for Plaintiffs**
    Las Olas City Centre, Suite 1650
    401 E. Las Olas Blvd.
    Fort Lauderdale, FL 33301
    TEL: (954) 522-3456
    FAX: (954) 527-8663

    /s/ Michael A. Pancier, Esq.
    Michael A. Pancier, Esq.
    Fla.Bar No. 958484

6

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
JASON KAY

**DEFENDANTS**
ABRAMOWITZ TAX & LIEN SERVICE, CORP., a Florida corporation and SHARON RICCARDI, an individual.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
ROTHSTEIN ROSENFELDT ADLER
401 EAST LAS OLAS BLVD., SUITE 1650
FT. LAUDERDALE, FL 33301
TELE.: 954/522-3456

ATTORNEYS (IF KNOWN)

0:09CV60833-Zloch-RSR

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | ☐ 2 | ☒ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of overtime and minimum wage provisions of Fair Labor Standards Act; 29 U.S.C. §§ 206, 207, 216(b).

**IVa.** __4-5__ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

Additional Torts column:
- ☐ 362 Pers. Injury-Med Malpractice
- ☐ 365 Personal Injury-Prod. Liability
- ☐ 368 Asbestos Personnel Injury Product Liability
- **PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability
- **B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General*
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other*
- ☐ 550 Civil Rights *A or B

**VI. ORIGIN**
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ UNDER F.R.C.P.23
CLASS ACTION: Yes
DEMAND $ N/A
☐ Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 3, 2009

SIGNATURE OF ATTORNEY OF RECORD
Michael A. Pancier, Esq.

FOR OFFICE USE ONLY: Receipt No. 546449    Amount: 300.00    Date Paid: _____    M/ifp: _____

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94