```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 09-60833-CIV-ZLOCH
```

JASON KAY,

       Plaintiff,                      **O R D E R**

vs.

ABRAMOWITZ TAX & LIEN SERVICE CORP.,
a Florida Corporation and
SHARON RICCARDI, individually,

       Defendants.

_____/

    THIS MATTER is before the Court upon Plaintiff Jason Kay's Verified Motion For Attorney's Fees And Costs (DE 13). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff brought this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (2006) (hereinafter "FLSA"), for unpaid overtime wages. Prior to trial, the Parties amicably resolved Plaintiff's damages, but could not resolve the issue of attorney's fees. Plaintiff now moves under 29 U.S.C. § 216(b) for the attorney's fees and costs incurred in prosecuting this action. Specifically, Plaintiff claims that his attorney spent over 22 billable hours in his efforts to prosecute this case, totaling fees and costs of more than seven thousand dollars.

    While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such

an award is reasonable.  See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).  To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at

1303).  Plaintiff requests an hourly rate of $325 per hour for Mr. Michael Pancier, an hourly rate of $150, for Mr. Benjamin Dishowitz, and an hourly rate of $185 for Mr. Eugene Gibbons. Based on review of the docket and the Court's experience with cases in this area, the Court finds that the attorney's fees requested are excessive for such work.  See Norman, 836 F.2d at 1299.  Mr. Pancier is an experienced attorney in the field of employment law and the Court finds that a reasonable hourly rate of $300 is fair to compensate Plaintiff for his services.  Mr. Dishowitz, has been in practice less than two years (DE 13) and based on this limited experience the Court finds that a reasonable hourly rate of $135 an hour is fair to compensate Plaintiff for his services.  Mr. Gibbons also has limited experience with less than 5 years in practice (DE 13) and the Court finds that a reasonable hourly rate of $175 is fair to compensate Plaintiff for his services.

Once the hourly rate is set, the Court must determine the reasonable number of hours expended by Plaintiff's attorney in the successful prosecution of this action.  This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant.  See id.  The fee applicant

3

must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded.  Id.  At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded.  Id.  If the party moving for fees fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary."  Id.

The Court has carefully scrutinized Plaintiff's filings and and finds some of the billing to be excessive based on the relative experience of the attorney performing the task and the amount of time it would take a reasonable attorney of like experience to complete the same task.

First, as to the fees charged for Mr. Gibbons's legal services, on April 20, 2009, Mr. Gibbons bills 2.5 hours for drafting the FLSA complaint.  It should not take 2.5 hours to draft the simple FLSA complaint filed in this case and this charge will therefore be reduced to 2.0 hours to reflect the amount of time it would reasonably take an attorney of like experience to complete this task.

Next, Mr. Dishowitz bills 1.0 hour for reviewing the file and preparing the statement of claim on June 24, 2009, but Mr. Pancier had already prepared the statement of claim spreadsheet and billed .80 hours for its preparation on June 19, 2009.  This left Mr.

4

Dishowitz to prepare what amounts to roughly two pages of straightforward information, which should not have required any significant time or research. Thus, this charge will be reduced to .40 hours. Then, on July 10, 2009, Mr. Dishowitz bills .20 hours for "preparation of proposed order." It is unclear from the record what this charge refers to at this point in the litigation and the billing record is not sufficiently specific for the Court to determine the reasonableness of this charge. Therefore, this charge will be stricken.

Lastly, as to the hours billed by Mr. Panicer, on April 28, 2009, Mr. Panicer bills .80 hours for making revisions to the Complaint. Mr. Panicer is an experienced employment law attorney and it should not take .80 hours to review a simple six-page form complaint. This charge will be reduced to .30 hours. Next, Mr. Pancier bills 3.95 hours on July 1, 2009, for drafting the Motion to Dismiss and Notice of Acceptance, updating research and multiple emails. It is unclear how much time was spent researching or on "multiple emails." This block billing is inappropriate because it does not allow the Court to determine the reasonableness of the fee charged for each action. The 3.95 hours will therefore be reduced to 2.0 hours to reflect the reasonable amount of time an attorney of Mr. Pancier's experience would spend preparing these pleadings and communicating this information to his client. Next, on July 9, 2009, Mr. Pancier bills .40 hours for preparation of the Motion For Settlement Conference. This Motion is roughly one page of

straightforward information which required no research or legal analysis. This charge will be reduced to .20 hours. Also on July 9, 2009, Mr. Pancier bills .50 hours for researching caselaw regarding collection of fees in an FLSA case to collect on a Final Judgment. However, as previously noted, Mr. Pancier is an experienced employment law attorney and billing .50 hours at his hourly rate for research on a simple collection issue is unreasonable and this charge will therefore be reduced to .20 hours. Further, Mr. Panicer has three separate entries for revisions to his bill totaling .60 hours. This will be reduced to .30 hours. Finally, Mr. Pancier claims a fee based on 3.0 hours of billable time in preparing the Motion for Attorney's Fees and Costs. This will be reduced to 2.0 billable hours based on the reasonable amount of time an attorney of Mr. Pancier's experience would be expected to spend on a Motion of this sort and quality.

    This brings Plaintiff's total award for attorney's fees to $4,946.00, based on 2.0 hours of billable time for Eugene Gibbons, Esq., at $175.00 per hour, .60 hours of billable time for Benjamin Dishowitz, Esq., at $135.00 per hour, and 15.05 total hours of billable time for Michael Pancier, Esq., at $300 per hour. Plaintiff shall also be compensated for costs in the amount of $450.00. Plaintiff shall not be granted any other fees for his attorney's services.

    Accordingly, after due consideration, it is

    **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jason Kay's Motion For Attorney's Fees And Costs (DE 13) be and the same is hereby **GRANTED;** and

2. Plaintiff does have and recover from Defendant the sum of $5,396.00 as attorney's fees and costs incurred in the successful prosecution of this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of January, 2010.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record